Williams, J.
It is sought to sustain the admissibility of the testimony to which objection was made by the plaintiff in error, under the second exception contained in section 5242, of the Revised Statutes, which reads as follows: “When the action or proceeding relates to a contract made through an agent by a person since deceased, and the agent is competent to testify as a witness, a party may testify on the same subject.” The argument is, that inasmuch as John W. Roberts testified that he made the arrangement for the sale of the property which came from his father and for the investment of part of the proceeds in the property in question, at the request of his mother, *254 he was acting as her agent in the transaction, and competent as a witness to prove the transaction, and the arrangement with his brother and sister under which it was completed; and the agent being a competent witness on that subject, the plaintiff, and her brother Henry, were also competent to testify on the same subject.
"We cannot adopt that view. The provision relied on has reference to the agent as a witness, and not as a party to the action. The language “a party,” including any party, “may testify on the same subject” to which the “agent is competent to testify as a witness, ’ ’ evidently refers to him as a witness in a controversy between other persons who are parties to the action; and when he is himself a party, his testimony is subject to the same tests of competency that are applicable to the testimony of other parties who sustain the same relation to the issues.
The plaintiff in error defended in the action below as the devisee of a deceased person, and the testimony complained of related to transactions which could not have occurred subsequent to the death of that person. John W. Roberts was entitled to a share of the property in controversy equal to that of the plaintiff, if her action should prove successful; and, though a. party defendant on the record, he was a party adverse in interest to the plaintiff in error, his codefendant; as much so as if he had been joined as a party plaintiff. His interest in the property sold, and its proceeds was his individual interest, with regard to which he could not deal with himself as the agent of his mother ; he could only deal with her in respect to it in his individual right. So in negotiating the arrangement with his brother and sister, he neees *255 sarily acted in his own behalf,- and they negotiated with him in the same relation. If he had purchased the interest of his brother and sister in the property, and were the only party to the controversy with the plaintiff in error, it would scarcely be claimed that he would be a competent witness to prove the matters to which he testified. Without his testimony there was no proof of the agency; and being1 incompetent to prove the agency in his own behalf, his testimony could not be used to establish it in behalf of the other parties united in interest with him, for that would result in proving it for himself. We think, therefore, that his testimony was erroneously admitted, and as there was a lack of competent evidence of the agency, the foundation for the admission of that of the plaintiff and her brother Henry also fails.
Brit the judgment should not be reversed if there was sufficient evidence to which no objection was made, to establish the trust; and we think there was. It was clearly shown that the property sold belonged to Thomas J. Roberts at the time of his death, 'and that it passed under his will to his widow for life, with remainder to his children in fee, who, with the widow, united in its sale and conveyance for the sum of two thousand dollars. It was further shown that the widow had no other property beside her interest in the money at time the lot in dispute was purchased, and that it was purchased and paid for with one thousand dollars of the money; and, that with other portions of the money, repairs were made on the dwelling house and buildings situated on the lot, of all of which the widow had the entire use and enjoyment as long as she lived. The evidence introduced by the plaintiff in error proves nothing *256 to the contrary, but is in support of the facts above stated; and in view of them, proof that the title was conveyed to the widow under an express trust agreement, was not necessary to the plaintiff’s case.
While it is a familiar rule that a conveyance to a child, of land 'purchased by the parent, is presumed to be a gift or advancement, there is no presumption that a gift is intended where a purchase is made with money belonging to a child and the legal title taken in the name of the parent. On the contrary, in the latter case, the presumption is that the title is so taken in trust, for the benefit of the child; and the burden is on the holder of the legal title to overcome that presumption. It is true, that where the consideration is furnished 'by two or more persons, the share advanced by each, must be a definitely ascertainable aliquot part in order to raise a trust pro tanto; but we perceive no difficulty in the application of that rule in this ease. The parties became the owners of the money, in the interests and proportions in which they held the property from the sale of which it was realized; and at the time of its reinvestment in the property here involved the money remained 1 unapportioned among its owners, who thus took the equitable estate in the new purchase as tenants in common, in the proportions by which they held the former estate. As said in Pomeroy’s Equity, sections 1037, 1038, “the resulting trust in favor of him who pays the purchase money, rests upon the equitable principle that the beneficial estate follows the consideration, and attaches to the party from whom it comes, and when furnished by two or more, the trust results in favor of each in *257 respect to an undivided share of the property proportioned to his share of the price.”
Here, the life estate of the widow having terminated by her death, the plaintiff and her two brothers are the owners of the complete equitable estate as tenants in common, and entitled to have the same partitioned amongst them, and their title quieted as against the claim of the plaintiff in error. -

Judgment affirmed.